NELSON MULLINS RILEY & SCARBOROUGH LLP
LISA M. GIBSON (SBN 194841)
CRISPIN L. COLLINS (SBN 311755)
19191 South Vermont Ave., Suite 900
Torrance, CA  90502
Telephone: 424.221.7400
Facsimile: 424.221.7499
Email:    lisa.gibson@nelsonmullins.com
          crispin.collins@nelsonmullins.com

Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GRIGOR TERMENDJIAN,<br><br>          Plaintiff,<br><br>     v.<br><br>MCLAREN AUTOMOTIVE, INC, a Corporation; and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No.:<br><br>**DEFENDANT MCLAREN AUTOMOTIVE, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441(b) AND 1446 - DIVERSITY**<br><br>Complaint Filed: March 7, 2019 |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant McLaren Automotive, Inc. ("McLaren"), by and through its undersigned counsel, hereby files this Notice of Removal to Federal Court ("Notice of Removal") pursuant to 28 U.S.C. §§ 1441(b) and 1446. This action is within the original jurisdiction of the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1332 because (i) there is complete diversity among the Plaintiff and Defendant and (ii) the total amount in controversy exceeds $75,000. McLaren denies the allegations contained in the state court pleadings filed in the Superior Court of the State of California, County of Los Angeles, and files this Notice of Removal without waiving any rights, defenses, exceptions, or obligations that may exist in its favor in state or federal court. In support of this Notice of Removal, McLaren states as follows:

## STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) and for the reasons explained below.

## THE REMOVED ACTION

1. Plaintiff Grigor Termendjian ("Plaintiff") filed this civil action against McLaren and DOES 1 through 100 on March 7, 2019, in the Superior Court of the State of California, County of Los Angeles, under Case Number 19STCV08034 (the "Action").

2. Plaintiff served McLaren with a Summons and Complaint on March 13, 2019.

3. True and correct copies of all process, pleadings, and orders served upon McLaren are attached as Exhibit "A" and are being filed along with this

Notice of Removal.

4. Other than the documents attached as Exhibit A, no pleadings, process, orders, or other documents in the case have been served or otherwise received by McLaren or, to McLaren's knowledge, are presently on file in the state court. In the event that such filings come to McLaren's attention, it will immediately file copies in this Court.

5. McLaren did not respond to the Complaint in the state court prior to removal.

## PROCEDURAL ISSUES

6. Removal is timely under 28 U.S.C. § 1446(b). Plaintiff served McLaren with the Summons and Complaint on or about March 13, 2019. *See* Ex. A. Therefore, this Notice of Removal is timely filed within thirty (30) days after service of the Summons and Complaint on McLaren.

7. Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court for the State of California for the County of Los Angeles, where the state court action is pending, is located within the United States District Court for the Central District of California, Western Division.

## JURISDICTION IS PROPER UNDER § 1332(a)

8. Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over all civil actions where (1) the action is between citizens of different states or citizens of a state and an alien, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. As explained below, this Action satisfies both requirements and this Court, therefore, has jurisdiction.

## THE PARTIES ARE CITIZENS OF DIFFERENT STATES

9. Section 1332(a) requires complete diversity of citizenship, which is established when "each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

10. Plaintiff is a citizen of the State of California. *See* Ex. A, Compl. ¶ 1

("Plaintiff… at all relevant times was a resident of Los Angeles County, California.")

11. McLaren is *not* a citizen of the State of California. McLaren is incorporated under the laws of the State of Delaware and its principal place of business located at 750 Third Avenue, Suite 2400, New York, NY 10017. *See* Exhibit B, California Secretary of State (last visited April 8, 2019). Accordingly, McLaren is a citizen of Delaware and New York for purposes of the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …").

12. The citizenship of DOE Defendants sued under fictitious names is disregarded for purposes of removal based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1).

13. Because Plaintiff is a citizen of California and McLaren is not a citizen of California, there is complete diversity of citizenship in this action as required by § 1332(a).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

14. Section 1332(a) also requires that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." "[A] defendant's notice of removal need include only a ***plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) ***only*** when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (emphasis added). Further, the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F. 3d 395, 400 (9th Cir. 2010). Therefore, although McLaren does not concede or admit, in any fashion, that any claims for any amounts alleged in the Complaint have legal

or factual merit, it is evident from the Complaint that the amount in controversy exceeds the jurisdictional threshold.

15. The matter in controversy centers around a 2016 McLaren 650S Spider that Plaintiff purchased on or about October 12, 2015. *See* Ex. A, Compl. ¶ 5. The Manufacturer's Suggested Retail Price for a 2016 McLaren 650S Spider starts at $288,000. *See* Ex. B, Kelley Blue Book (last visited April 8, 2019). Among other forms of relief, Plaintiff seeks "[i]ncidental and consequential damages"; "[r]ecission of the purchase agreement"; "[r]easonable attorney's fees"; "[a] civil penaly" under the Song-Beverley Act; costs; and prejudgment interest. *See* Ex. A, Compl. at p. 6.

16. This Court may consider civil penalties under the Song-Beverly Act of an amount two times the actual damages alleged for purposes of assessing the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1009 (N.D. Cal. 2002). In addition, where the underlying statute authorizes an award of attorneys' fees (such as under the Song-Beverly Act), this Court may also consider Plaintiff's reasonable attorneys' fees in calculating the amount in controversy. *See Brady, supra* at 1010, citing *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Andrew Baracco v. Brooks Bros. Grp., Inc., et al.*, No. CV189208PSGJPRX, 2019 WL 276840, at *3 (C.D. Cal. Jan. 22, 2019).

**NOTICE TO ADVERSE PARTY AND STATE COURT**

17. Pursuant to 28 U.S.C. § 1446(d), McLaren is serving written notification of the removal of this case on Plaintiff's counsel.

18. Pursuant to 28 U.S.C. § 1446(d), McLaren will promptly file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk of the Superior Court, County of Los Angeles.

**CONCLUSION**

Pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, McLaren hereby

removes this Action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division.

Dated:  April 12, 2019

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:  */s/ Lisa M. Gibson*
     Lisa M. Gibson

Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES